UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY A. ZEDEÑO,<br><br>                    Plaintiff,<br><br>    v.<br><br>ART MACIAS,<br><br>                    Defendant. | Case No. 1:12-cv-00218-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Art Macias's Motion to Dismiss for Failure to Exhaust (Dkt. 15.) Plaintiff has not filed a response. Having carefully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Defendant's Motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Anthony A. Zedeño is an inmate currently incarcerated in Washington, Mississippi. Plaintiff's claims arose when he was incarcerated at Canyon County Detention Center (CCDC) in Caldwell, Idaho. While at CCDC, Plaintiff was injured and suffered a broken jaw in February of 2011. Plaintiff requested medical treatment for his injury several times. (Complaint, Dkt. 1, at 2.) Each time he requested treatment he was seen by Defendant Macias, who told Plaintiff that he "was perfectly fine." (*Id.*) Plaintiff claims, however, that he "was in severe pain." (*Id.*) Eventually, after receiving no treatment and suffering through weeks of pain, Plaintiff's sister phoned 911 for assistance. (*Id.*) After the 911 call, Plaintiff was transported to Mercy Medical in Caldwell, where he was hospitalized for three-days. (*Id.*) Upon return to the jail, Plaintiff was housed in the medical unit for six weeks with his jaw wired shut. (*Id.*) Plaintiff claims that his "jaw is not 100%," that he "still suffers pain," and that he "can't use [his jaw] without pain." (*Id.*)

## DISCUSSION

### 1.      Standard of Law

Defendant argues that the Complaint must be dismissed for failure to exhaust the jail grievance system. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), an inmate is required to exhaust all of his administrative remedies within the jail or prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is

**MEMORANDUM DECISION AND ORDER - 2**

required, meaning that the inmate must comply "with [the jail's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement is based on the important policy concern that jail and prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

Failure to exhaust is an affirmative defense that should be brought as an "unenumerated Rule 12(b) motion" to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In the context of such a motion, a court's consideration of evidence outside of the pleadings does not transform the motion to dismiss into a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. The party asserting failure to exhaust bears the burden of proving such failure. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If an inmate has failed to exhaust his administrative remedies, his claims must be dismissed without prejudice. *Wyatt*, 315 F.3d at 1120.

**MEMORANDUM DECISION AND ORDER - 3**

**2.     Grievance Procedure at CCDC**

The inmate grievance process at CCDC is contained in Section 36 of the CCDC's

Inmate Handbook, which Defendant has submitted as Exhibit A to the Affidavit of Dana

Maxfield (Dkt. 16-1). Pursuant to that grievance process, "[i]nmates are strongly

encouraged to seek an informal resolution prior to filing an official grievance." (Dkt. 16-1

at 27.) The informal resolution process is defined as "the process of resolving an issue or

complaint at the deputy level without a written grievance." (*Id.*) The written grievance

procedure is as follows:

> In the event an inmate cannot resolve his/her complaint
> through informal means . . . , an inmate may file a formal
> complaint. The inmate shall obtain a grievance form from the
> housing deputy. The inmate must fill out the information
> requested in the space provided and return the form to the
> housing deputy. Inmates must file their own grievances and
> may file only one grievance for any one situation or
> circumstance. No group grievances or grievances with
> obscenities will be accepted.
>
> . . . .    Written grievances will be routed to the on-duty
> supervisor or other appropriate staff, as determined by the
> grievance. After the first level review, the grievance form will
> be shown to the inmate at which point he/she may either
> accept or reject the decision, signified by circling either YES
> or NO in the first level review section.
>
> . . . .    If the first level response is rejected by the inmate, it
> shall be forwarded to the jail commander or his designee for
> review and response. The inmate will either accept or reject
> the decision.

**MEMORANDUM DECISION AND ORDER - 4**

> . . . .   If at any point the inmate accepts a decision during the
> grievance process the inmate shall circle YES in the
> applicable review section. The original grievance will be filed
> upon completion of the grievance process.

(*Id*.) Each grievance may contain only a single issue, and officials may limit grievances if

they are continually filed. (*Id*. at 28.)

### 3.      Plaintiff Properly Exhausted his Administrative Remedies

Defendant contends that Plaintiff's multiple requests for medical care "were all

answered appropriately." (Memo. in Supp. of Mot. to Dismiss, Dkt. 15-1, at 5.) However,

that some of Plaintiff's concerns were allegedly satisfied has no relevance to the

exhaustion inquiry. *See Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) ("An inmate

has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in

order to exhaust his administrative remedies. Nor is it the prisoner's responsibility to

ensure that prison officials actually provide the relief that they have promised.").

Defendant acknowledges that Plaintiff filed a grievance with respect to his medical

treatment for his broken jaw, but argues that the grievance, filed in November 2011, was

untimely. (Dkt. 15-1 at 5.) However, conspicuously absent from CCDC's grievance

policy is any deadline to which inmates must adhere when submitting grievances. And

conspicuously absent from Defendant's brief is any recognition of that fact. (*See

generally id.*)

**MEMORANDUM DECISION AND ORDER - 5**

If inmates must follow the grievance procedure, so must jail officials. The Court will not require that an inmate submit a grievance within a specific amount of time when the plain language of the jail's own grievance policy does not, particularly where there is no apparent justification for departing from that plain language. In this case, Defendant does not attempt to explain why Plaintiff should be held to a nonexistent deadline. Therefore, Defendant has not satisfied his burden of establishing that Plaintiff failed to properly exhaust his administrative remedies.

Moreover, even though Plaintiff filed his grievance nine months after the incident, jail officials did not deny that grievance as untimely. Instead, the response stated, "You have already filed a tort claim on this incident, that is the proper action to take, not a grievance." (Dkt. 16-3.) Courts have uniformly held that "the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (citing *Hill v. Curcione*, 657 F.3d 116, 125 (2d Cir. 2011); *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005); *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000). The rationale for this rule is that "when a state treats a filing as timely and resolves it on the merits, . . . the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 6**

Exhaustion under the PLRA is mandatory *to the extent* of the jail's grievance policy. *See Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Plaintiff has complied with that policy, which does not contain a time limitation, and jail officials did not deny Plaintiff's grievance as untimely. Therefore, Plaintiff has properly exhausted his administrative remedies with respect to his claims in this case.

## ORDER

**IT IS ORDERED:**

1.     Defendant's Rule 12 Motion to Dismiss for Failure to Exhaust (Dkt. 15) is DENIED.

2.     Defendant's answer shall be filed no later than 30 days after entry of this Order.

DATED:  **August 26, 2013**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 7**